```
                                                            CLERK'S OFFICE U.S. DIST. COURT
                                                                  AT ROANOKE, VA
                                                                       FILED
```

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

**MAY 0 4 2005**

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

| | |
|---|---|
| JEFFREY M. JOHNSON, | ) |
| | ) Civil Action No. 7:04-cv-00556 |
| Petitioner, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TRACY S. RAY, WARDEN, et al., | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Respondent. | ) |

This is a petition by Jeffrey M. Johnson, pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court of Nelson County for attempted second-degree murder, malicious wounding, use of a firearm in the commission of a felony, and possession of a firearm after having been convicted of a felony. Johnson claims that his counsel was ineffective in his cross-examination of witnesses for the Commonwealth and that the evidence at trial was insufficient to support his attempted second-degree murder conviction. This matter is before the court on respondent's motion to dismiss. The Circuit Court of Nelson County has already adjudicated Johnson's ineffective assistance claim, rendering a decision that was not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts, and the court finds that, in light of the Commonwealth's evidence, a rational trier of fact readily could have found Johnson guilty of attempted second-degree murder. Accordingly, the court grants the respondent's motion and dismisses Johnson's petition.

## I.

Johnson was tried in a court trial in the Circuit Court of Nelson County for attempted

second-degree murder, malicious wounding, use of a firearm in the commission of a felony, and possession of a firearm after having been convicted of a felony. The Commonwealth put on two witnesses, who testified that Johnson shot one of them and that he shot at the other while screaming, "I'm going to kill you m----- f------." The court convicted Johnson and sentenced him to thirty-three years with twenty-six years suspended. Johnson appealed to the Court of Appeals of Virginia, claiming that the Commonwealth produced insufficient evidence at trial to support his conviction.[1] Viewing the evidence in the light most favorable to the Commonwealth,[2] the court found that the testimony of the Commonwealth's two witnesses was sufficient to support Johnson's conviction. Johnson then appealed to the Supreme Court of Virginia; that court also denied his appeal.

Johnson filed a state habeas petition with the Circuit Court of Nelson County, in which he claimed, among other things, that the Commonwealth's two key witnesses had made prior inconsistent statements to law enforcement officials, that the testimony of the two witnesses directly conflicted, and that his attorney provided ineffective assistance by failing to impeach the witnesses regarding inconsistencies. Specifically, Johnson claimed that the witnesses contradicted one another and themselves regarding the individuals present at the scene of the crime, the nature of the argument with Johnson, who confronted who first, where the gun came from, how many shots were fired, and how Johnson made his escape. Johnson's attorney submitted an affidavit, explaining that he was aware of the inconsistent statements but that he

---

[1] Johnson also raised an ineffective assistance of counsel claim on direct appeal, but the court refused review, noting that the legislature had repealed Va. Code § 19.2-317.1, which had allowed for ineffective assistance claims on direct appeal under certain circumstances.

[2] Archer v. Commonwealth, 492 S.E.2d 826, 831 (Va. Ct. App. 1997).

2

had made a tactical decision not to impeach the witnesses because doing so "would have been of little or no value to Mr. Johnson." Johnson's attorney admitted, though, that due to the passage of time, he could not articulate the exact reasoning underlying his decision. The same judge who presided over Johnson's trial reviewed his petition, applied Strickland v. Washington, 466 U.S. 668 (1984), and found that Johnson's attorney had acted reasonably and had not prejudiced Johnson. Therefore, the court dismissed Johnson's petition. Johnson appealed to the Supreme Court of Virginia; that court denied his appeal. In his federal habeas petition, Johnson raises the same ineffective assistance of counsel claim, and he claims that there was insufficient evidence to support his conviction.

## II.

The federal habeas statute prohibits this court from granting relief on any claim that the state court adjudicated on the merits unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 354-5 (2000). The court finds that the Circuit Court of Nelson County adjudicated Johnson's ineffective assistance claim on the merits and that the adjudication was not contrary to clearly established federal law, based on an unreasonable application of federal law, or based on an unreasonable determination of the facts. Accordingly, the court dismisses the claim.

When adjudicating Johnson's claim, the Circuit Court of Nelson County cited the correct applicable Supreme Court precedent, Strickland, and the court did not unreasonably apply the

3

rule of that case. The court had before it the affidavit from Johnson's attorney, explaining that he was aware of the inconsistent statements but that he made a tactical decision not to cross-examine the witnesses as to the inconsistencies because he believed that doing so "would have been of little or no value to Mr. Johnson."[3] The same trial judge who tried Johnson adjudicated his habeas petition and, therefore, was uniquely situated and undoubtedly in the best position to know if any of counsel's alleged errors actually prejudiced Johnson, that is, whether there was a "reasonable probability" that examination as to the alleged inconsistencies would have resulted in a different outcome. See Strickland, 466 U.S. at 692-94. Thus, his conclusions about counsel's performance and whether that performance prejudiced Johnson is entitled to considerable deference. Because a review of the trial transcript shows that counsel cross-examined the witnesses on matters he considered important and because there is nothing so glaring as to compel this court to reject the adjudication of a state jurist who was uniquely positioned to determine whether counsel's alleged errors prejudiced Johnson, the court is compelled to dismiss Johnson's ineffective assistance claim.

### III.

Johnson claims that his conviction for attempted second-degree murder rests on insufficient evidence. Johnson made the same claim on direct appeal, and the Court of Appeals

---

[3]The mere fact that the state court relied on affidavits, in lieu of live testimony, does not require this court to hold an evidentiary hearing. See Sawyers v. Collins, 986 F.2d 1493, 1504 (5th Cir. 1993) (en banc) (upholding district court's denial of habeas relief without an evidentiary hearing where state court had adjudicated claim and based factual determinations entirely upon affidavits), cited with approval by, Williams v. Taylor, 189 F.3d 421, 428-29 (4th Cir. 1999), rev'd in part on other grounds, 529 U.S. 420 (2000) (upholding district court's denial of habeas relief without a hearing where Supreme Court of Virginia had determined, based on affidavits alone, that the prosecution had not suppressed an alleged informal plea agreement that the Commonwealth had made with a witness for the prosecution).

4

of Virginia denied it. When adjudicating a claim of insufficient evidence, federal courts must review the record in the light most favorable to the prosecution and deduce whether a rational trier of fact readily could have found the petitioner guilty beyond a reasonable doubt of the essential elements of the offense. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). Conflicts in the evidence are resolved in favor of the prosecution, id. at 319, and the court must give deference to a state appellate court's rejection of a sufficiency of the evidence claim. Id. at 323. This court, like the Court of Appeals of Virginia, finds that there was sufficient evidence to support Johnson's conviction. Two witnesses testified that Johnson shot one of them and that he shot at the other while screaming, "I'm going to kill you m----- f------." Having reviewed the record, this court does not find that it was irrational for the trial court to credit the testimony of these witnesses and, in light of the testimony, the court finds that a rational trier of fact readily could have found Johnson guilty beyond a reasonable doubt of attempted second-degree murder.

## IV.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses Johnson's § 2254 petition.

ENTER: This 4th day of May, 2005.

_____
UNITED STATES DISTRICT JUDGE